UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CHARTER OAK FIRE | : | |
| INSURANCE COMPANY, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:03-CV-733 (JCH) |
| | : | |
| BROAN-NUTONE, L.L.C. | : | |
|     Defendant. | : | DECEMBER 4, 2003 |

**RULING ON DEFENDANT'S MOTION TO TRANSFER [DKT. NO. 4]**

The plaintiff, Charter Oak Fire Insurance Company ("Charter Oak") brings this products liability action against Broan-Nutone, L.L.C. ("Broan"). Broan now moves this court to transfer the case to the Western District of Tennessee, Western Division. For the reasons set forth below, Broan's motion to transfer is GRANTED.

**I.    DISCUSSION**

The suit concerns a building fire that occurred in Memphis, Tennessee. Charter Oak, which insured the building owner, alleges that the fire was caused by a bathroom ceiling fan manufactured by Broan. Charter Oak first filed this case in Wisconsin, the defendant's principal place of business. The Wisconsin federal court transferred it to Tennessee. In Tennessee, Broan argued for dismissal based on a Tennessee 10 year statute of limitations; before the court ruled on the motion, Charter Oak agreed to dismiss the Tennessee action without prejudice. It then filed this Connecticut action.

The only connection that this case has to Connecticut is that the plaintiff's business resides here. The specific fan at issue in this case was purchased by the plaintiff's insured in

-1-

Tennessee, and installed at the Memphis Visitors Center and Convention Bureau ("the premises"), 45-47 Union Avenue, Memphis, Tennessee, where plaintiffs alleged in the Complaint that it remained in place and use until February 1, 2002, when a fire caused substantial damage to the premises. The plaintiffs allege that the fire originated at or near the ceiling area of certain bathroom facilities on the property, and was a result of a defect in the fan, which caused the ignition of nearby combustibles.

### A.   Standard

The defendant requests the court to transfer this case to the Western District of Tennessee. Section 1404(a) authorizes transfer to another district where venue is also proper. That statute provides that transfer is permissible "[fo]r the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Motions for transfer of venue fall within "the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir. 1992). The purpose of Section 1404(a) "is to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)(quoting Continental Grain Co. v. Barge FBL- 585, 364 U.S. 19, 26-27 (1960)). The plaintiff's choice of forum, however, is generally entitled to substantial consideration. In re Warrick, 70 F.3d 736, 741 (2d. Cir. 1995). The burden is

upon the defendant to make "a clear-cut showing . . . that convenience and justice for all parties demands that the litigation proceed elsewhere." United States Barite Corp. v. M.V. Haris, 534 F. Supp. 328, 331 (S.D.N.Y. 1982).

### B.    Discussion

It is undisputed that this case could have been brought in the Western District of Tennessee and that transfer is therefore possible. Moreover, another federal court has already determined on a transfer motion that, as compared to Wisconsin, the Tennessee forum is an appropriate one for this case. Therefore, the court will consider whether that district is the proper venue for litigation of this case as compared to Connecticut.

The statutory standards of § 1404(a) require the weighing of several factors. The criteria used to determine whether transfer is appropriate include: 1) the weight accorded the plaintiff's choice of forum; 2) the locus of operative facts; 3) the convenience of the witnesses; 4) the availability of process to compel the attendance of unwilling witnesses; 5) the convenience of the parties; 6) the location of relevant documents and the relative ease of access to sources of proof; 7) the relative means of the parties; 8) the district court's familiarity with governing law; and 9) trial efficiency and the interest of justice. U.S. Surgical Corp. v. Imagyn Medical Technologies, Inc., 25 F. Supp. 2d 40, 46 (D. Conn. 1998).

#### 1.    Weight Accorded Plaintiff's Choice of Forum

In considering a motion to transfer, a district court ordinarily affords plaintiff's

choice of forum substantial weight. TM Claims Service v. KLM Royal Dutch Airlines, 143 F.Supp.2d 402, 404 (S.D.N.Y. 2001). "However 'a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum.'" Id. (quoting 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 134 (S.D.N.Y. 1994)). Although the plaintiff has chosen to litigate this action in Connecticut, the only connection this cause of action has with the state is that the plaintiff resides here. Therefore, the plaintiff's choice of forum is not controlling. Mitsui Marine and Fire Ins. Co., Ltd. v. Nankai Travel Int'l Co., Inc., No. 01CIV3203RMBRLE, 2003 WL 139542, at *2 (S.D.N.Y. Jan. 17, 2003).

      2.    Locus of Operative Facts

The location of operative facts underlying a claim is a key factor in determining a motion to transfer venue. See TM Claims Service, 143 F.Supp.2d at 404. "The core determination under Section 1404(a) is the center of gravity of the litigation." Id. at 403 (internal quotation omitted). "To determine the 'locus of operative facts,' a court must look to the 'site of the events from which the claim arises.'" Distefano v. Carozzi North America, No. 98 CV 7137 (SJ), 2002 WL 31640476, at *3 (E.D.N.Y. Nov. 16, 2002).

This is a products liability action focused on a fan designed, manufactured, and distributed in Wisconsin that allegedly malfunctioned, causing a fire, in Tennessee. Broan argues that, because the fire occurred in Tennessee, the locus of operative facts exists there. Charter Oak counters that though the damage was sustained in Tennessee, the case also has

connections to Wisconsin and that damages were sustained in Connecticut, because it is the state of plaintiff's residence and incorporation. Pls' Opp. at 15.

Although the court agrees that all of the relevant facts are not found in Tennessee, it is certainly true that the locus of operative facts is more properly found there than in Connecticut. The locus of operative facts in this subrogation action does not exist in the district where the insurance claim was processed or handled, but rather in the district where the event which precipitated the claim by the plaintiff's insured occurred. See, e.g., Mitsui Marine, 2003 WL 139542, at *2; TM Claims Service, 143 F. Supp. 2d at 404. Therefore, this factor weighs heavily in favor of transfer.

### 3. Convenience to Available Witnesses

Convenience to the witnesses is another factor used to determine whether to transfer a case. A party moving under Section 1404(a) must specify the key witnesses to be called and make a general statement of what their testimony will cover. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), rev'd on other grounds, Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278 (2d Cir. 1981). "[I]t is not the prospective number of witnesses in each district that determines the appropriateness of a transfer, but, rather, the materiality of their anticipated testimony." Schwartz v. Marriott Hotel Services, Inc., 186 F. Supp.2d 245, 249 (E.D.N.Y. 2002)(internal quotation omitted).

The defendant asserts that "many, if not most" of the witnesses in the case reside in the Memphis, Tennessee area. Possible witnesses include various members of the Memphis

Fire Department, local fire investigators, the owner of the Memphis Convention Bureau, repair contractors, installers, the prior owner of the building, and employees who were working when the fire broke out. Def.'s Mem. of Law In Supp. of Mot. to Transfer [Dkt. No. 5] at 9-11.

The plaintiff claims that the location of witnesses does not favor transfer because (1) the property owners and contractors would be part of plaintiff's case-in-chief and thus available regardless of the location of the action; (2) Broan has not demonstrated that the testimony of installers is necessary or even relevant in this, a products liability action; (3) Broan has not demonstrated that any of the witnesses named would be unwilling to testify in Connecticut; and (4) many of the witnesses in this case will be government personnel, who compiled reports which could be utilized in lieu of live testimony, and whose testimony would not be favorable to the defendant.

Without further evidence by either party detailing the testimony of the different witnesses, the court cannot weigh the materiality of the anticipated testimony of these witnesses, and therefore finds that the convenience to witnesses is not a factor that it may accord substantial weight in this case.

### 4.     Availability of Process to Compel Witnesses

A related factor in the court's determination of a transfer motion is the ability to compel the attendance of witnesses. Merkur v. Wyndham Int'l, Inc., No. 00 CV 5843(ILG), 2001 WL 477268, at *4 (E.D.N.Y. Mar. 30, 2001). The court cannot

require "a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business" to appear before it. Fed. R. Civ. P. 45 (c)(3)(A)(ii).

In this case, the defendant argues that it will not be able to compel the attendance of most witnesses, including those listed above. Compulsory process of these witnesses would be available in Tennessee, but not in Connecticut. Therefore, the court finds that this factor weighs heavily in favor of transfer to Tennessee.

### 5. Convenience of the Parties

The convenience of the parties is not a substantial concern in this case. While admitting that transfer should not merely "shift the burden of inconvenience from one party to the other," Pitney Bowes, Inc. v. National Presort, Inc., 33 F. Supp. 2d 130, 132 (D. Conn. 1998), Broan's convenience is not furthered by a transfer to the Western District of Tennessee. Broan's business is headquartered in Wisconsin, so a transfer to Tennessee would still place a significant burden on it. The burden on the plaintiff, which is headquartered in Connecticut, is also significant. Because transfer to Tennessee would burden the plaintiff and not appreciably affect the defendant, the court finds this factor weighs against transfer.

### 6. Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

Although the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage deprive this issue of practical or legal weight. See generally Ford Motor Co. v. Ryan, 182 F.2d 329, 331 (2d Cir. 1950); see also

Distefano, 2002 WL 31640476, at *4. Broan argues that the majority of documentation related to this case is in Tennessee, while Charter Oak contends that the relevant documentation has been relocated to its headquarters in Connecticut. However, given that Tennessee was the locus of the accident, even though some materials have been relocated to Connecticut, the court finds that this factor weighs slightly in favor of transfer to Tennessee.

### 7. Relative Means of the Parties

The "relative financial hardship on the litigants and their respective abilities to prosecute or defend an action in a particular forum are legitimate factors to consider." Michelli v. City of Hope, No. 93 Civ. 7582 (KMW)(THK), 1994 WL 410964, at *3 (S.D.N.Y. Aug. 4, 1994). As both parties in this litigation are large, successful companies, this factor is immaterial to the court's consideration of transfer.

### 8. District Court's Familiarity with Governing Law

The cause of action in this case, a products liability claim, is not complex or otherwise based on legal principles with which this court is unfamiliar. "In any event, federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State." Pitney Bowes, 33 F. Supp. 2d at 132. Therefore, the court does not find that this factor weighs in favor of transfer.

### 9. Trial Efficiency and the Interests of Justice

This factor is "broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer."

Schneider v. Sears, 265 F. Supp. 257, 263 (S.D.N.Y. 1967). The court does not find that the administration of justice will be hindered by transfer of the case. The court does not find any particular aspect concerning this litigation, not already addressed, that weighs against transfer.

Defendant also suggests that the defendant's choice of Connecticut was the result of forum shopping. In order for transfer to be a proper antidote to forum shopping, Broan would have to prove that forum shopping was the "sole reason" that Charter Oak brought its action here. See Novo Nordisk of N. Am., Inc. v. Genentech, Inc., 874 F. Supp. 630, 632 (S.D.N.Y. 1995). Given that the plaintiff actually notified the defendant that it had chosen Connecticut because the Connecticut statute of limitations was more favorable, see Brian Henry Letter, Def. Mem. at Ex. E, this could very well be one of the rare cases in which forum shopping is not only proven but actually admitted. However, the court does not find it necessary to rely on that consideration in resolving this motion.[1]

After examination of the factors listed above, the court finds that the defendant has demonstrated "that convenience and justice for all parties demands that the litigation proceed elsewhere." United States Barite Corp., 534 F. Supp. at 331. This action, therefore is ordered transferred to the Western District of Tennessee.

---

[1] The court also notes that Charter Oak's corporate headquarters are in Connecticut, which represents a reason, not related to forum shopping, for it to have brought its action here.

**III.    CONCLUSION**

For the foregoing reasons, the defendant's motion to transfer is GRANTED [Dkt No. 4]. The clerk is ordered to transfer this action to the United States District Court for the Western District of Tennessee, Western Division.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 4th day of December, 2003.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge